**Joe BRIDGMAN, Appellant,**

v.

**The CORNWELL QUALITY TOOLS COMPANY, Appellee.**

No. 86–2433.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1987.

Decided Oct. 19, 1987.

Blair Arnold, Batesville, Ark., for appellant.

H. David Blair, Batesville, Ark., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.  ·

Joe Bridgman filed suit against The Cornwell Quality Tools Company alleging fraud, breach of contract and violation of the Arkansas Franchise Practices Act, Ark. Stat.Ann. §§ 70–807 to –826 (1976). Cornwell filed a motion for summary judgment on the statutory claim. The district judge [1] granted the motion and following entry of final judgment Bridgman appeals. We affirm.

Bridgman alleged that Cornwell granted him an exclusive dealership to distribute

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of    Arkansas.

Cornwell's tools within a multi-county area in Arkansas. The parties apparently agree that Bridgman was to have an exclusive dealership in at least certain counties, and that he would sell the tools from a van. The issues presented in this appeal are (1) whether a dealer who travels throughout an exclusive trade area in order to make sales, but with no one established site from which to conduct business, is protected by the Arkansas Franchise Practices Act, and (2) whether the district court erroneously concluded that no material fact question arose with regard to whether plaintiff had a fixed place of business as defined by the Act.

The Act extends protection "only to a franchise or franchises ... the performance of which contemplates or [requires] the franchisee to establish or maintain a place of business within the State of Arkansas." § 70–809. The Act defines "place of business" as "a fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods or offers for sale and sells the franchisor's services." § 70–808(f).

In the absence of any controlling authority from the Arkansas state courts, the district court reasoned that the plain meaning of the statutory language would not support Bridgman's argument that a multi-county region serviced from a van constitutes a "place of business" as required by the Act. The court also found that plaintiff's use of his home for administrative matters and occasional demonstrations did not afford him the Act's protection. We do not disagree.

■ First, we examine the claim that a multi-county area can qualify as a "place of business" under the Act. Bridgman argues that the term "fixed," which modifies "geographical location" in the Act's definition of a place of business, does not necessarily mean that "the business must be attached to the soil somewhere...." Rather, he urges, it can also mean "settle on: determine, define," citing Webster's Third New International Dictionary, unabridged (1981), or "definite, not fluctuating or varying," citing The Random House Dictionary

of the English Language, unabridged (1966). Thus, plaintiff concludes that the Arkansas legislature could have intended to include an exclusive geographical territory within the definition of "a fixed geographical location." This is not an impossible meaning, since one definition of "location" is an "area." Webster's Third New International Dictionary, unabridged (1981). The trade area at issue was encompassed by settled boundaries, and thus was "fixed" according to plaintiff's proffered definition. Nevertheless, absent a fundamental deficiency in analysis or a lack of reasoned authority, we defer to the district court's interpretation of state law on a matter that has not been decided by the courts of the state in which the trial judge sits. *Cambee's Furniture, Inc. v. Doughboy Recreational, Inc.*, 825 F.2d 167, 171 (8th Cir.1987). A location may also be "a position or site occupied or available for occupancy." Webster's, *supra.* Therefore, the district judge's conclusion that a multi-county area is not a place of business at a fixed geographical location is entirely reasonable, and we are unwilling to disturb it.

■ Plaintiff's second point for appeal is that the district court erred in concluding as a factual matter that he did not have a permanent place of business in his home. We disagree. The Act provides that it applies only when the agreement "contemplates or ... [requires] the franchisee to establish or maintain a place of business...." § 70–809. Even had plaintiff operated on a regular basis from his home, "the crucial question is whether [this was] contemplated or required by the distributorship contract." *Carlo C. Gelardi Corp. v. Miller Brewing Co.*, 421 F.Supp. 233, 235 (D.N.J.1976) (construing New Jersey law, N.J.Stat.Ann. § 56:10–3(f), which is practically identical in its language to § 70–809). In a deposition, Bridgman stated it was his intent that all of his business would be from the van, and agreed that "there wasn't anything in [the] agreement ... that would have required [him] to maintain any kind of permanent place of business, other than [the] van...." Given

these admissions, no genuine issue of material fact exists regarding any requirement or contemplation under the agreement that Bridgman would establish or maintain a place of business as defined in the Act and construed by the trial court.

We have reviewed appellant's remaining arguments and find them unpersuasive. As nothing in the record or the briefs demonstrates legal or factual error, the judgment of the district court is affirmed.