257 N.J. Super. 594 (1992)
608 A.2d 1010
GRECO STEAM CLEANING, INC., PLAINTIFF,
v.
ASSOCIATED DRY GOODS CORP., D/B/A HAHNE'S, AND THE MAY DEPARTMENT STORE D/B/A HAHNES, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided April 13, 1992.
*595 Brian W. Fahey (Fahey & Fahey), for plaintiff.
Robert J. Gallop (Braff, Harris & Sukoneck), for defendant.
MENZA, J.S.C.
Defendant moves for summary judgment dismissing plaintiff's claims under the Franchise Practices Act, (N.J.S.A. 56:10-1 et seq.).
Plaintiff, which operates a carpet and upholstery cleaning business, entered into an agreement with the defendant, Associated Dry Goods Corporation, doing business as Hahne's Department Store (Hahne's), whereby the defendant granted the plaintiff a license to operate an in-home carpet and upholstery cleaning service under the Hahne's name.
The preamble to the agreement states:
WHEREAS, the Licensee desires to operate an in-home carpet and upholstery cleaning service under Hahne's name and Hahne's is willing to license the steam cleaning service on the terms and conditions set forth herein.
*596 Plaintiff cleans carpets and upholstery at customers' homes. It solicits customers, conducts the financial aspects of its business and performs some cleaning at a particular location. This location also serves as a terminal for its vehicles. Plaintiff does concede that the great bulk of the work, if not almost all of the work, is performed at the customers' homes or places of business. The agreement makes no reference to the plaintiff's place of business.
Defendant has ceased operations of its business and plaintiff has brought suit contending that the cessation of operations amounts to a termination of the franchise agreement.
Defendant contends that the relationship between the parties is not one of franchisor/franchisee and that even if it were, it is one not encompassed by the Franchise Practices Act. Plaintiff responds that it is a franchisee and is protected under the Act.
The statute, N.J.S.A. 56:10-3(a), defines a franchise as:
... a written arrangement for a definite or indefinite period, in which a person grants to another person a license to use a trade name, trade mark, service marks, or related characteristics, and in which there is a community of interest in the marketing of goods or services at wholesale, retail, by lease, agreement or otherwise.
There is no doubt that the plaintiff was a franchisee. The agreement obviously demonstrates a community of interest between the parties and clearly states that plaintiff is granted a license to use the defendant's name.
The specific question in this case, therefore, is not whether the plaintiff is a franchisee. It clearly is. The question is whether this franchise is one which falls within Section 4 of the Franchise Practices Act.
N.J.S.A. 56:10-4 states, in pertinent part:
This act applies only to a franchise (1) the performance of which contemplates or requires the franchisee to establish or maintain a place of business within the State of New Jersey, ...
"Place of business" is defined in N.J.S.A. 56:10-3(f) as:
... a fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods or offers for sale and sells the franchisor's *597 services. Place of business shall not mean an office, a warehouse, a place of storage, a residence or a vehicle. (emphasis supplied).
It is the plaintiff's contention that it has a "place of business," namely, the fixed location from which it solicits customers and manages its business, as well as the geographical area which it services.
The defendant argues that plaintiff is not covered by the Franchise Act because it does not maintain a specific geographic location at which it sells or offers to sell its services.
There are no New Jersey cases which have addressed the issues presented in this case.
There are, however, three Federal District Court cases which have commented on the "place of business" requirement of the New Jersey statute and which are tangentially helpful.
In the case of Business Incentives Co., Inc. v. Sony Corp. of Amer., 397 F. Supp. 63 (S.D.N.Y. 1975), the court, without elaboration, agreed with Sony's contention that the plaintiff did not have a "place of business" in New Jersey because it had only an office within the State which it used as a home base for its salesmen.
In the case of Carl C. Gelardi Corp. v. Miller Brew. Co., 421 F. Supp. 233 (D.N.J. 1976), the defendant argued that its distributorship contract with the plaintiff did not contemplate or require the plaintiff to "establish or maintain a place of business" within the meaning of the Act. The court disagreed:
[i]t is clear that the performance of the distributorship contract contemplates or requires establishment or maintenance of much more than `an office,' or `a warehouse,' or `a place of storage.' (at 234).
The court concluded that since the plaintiff sold retail products from a fixed geographical location, and that Miller products were displayed for sale at that location, the plaintiff did, in fact, have a "place of business" within the meaning of the Act.
And in Carlos v. Philips Business Systems, Inc., 556 F. Supp. 769, 771 (E.D.N.Y. 1983), the court made a finding of fact that "Carlos maintains a place of business ... where he *598 displays and offers to sell and sells Norelco dictation products," and that the plaintiff was therefore covered by the Act.
This Court has looked to franchise legislation from several other states for help in determining this issue but has only been able to locate one state, Arkansas, with a provision which is similar to that contained in the New Jersey statute.[1]
The case of Bridgman v. Cornwell Quality Tools, Co., 831 F.2d 174 (8th Cir.1987), is the only case which has interpreted the Arkansas statute. In that case the court addressed the "fixed geographic location" provision of the statute and determined that a salesman who serviced a multi-county area from his car-van did not have a "fixed geographic location" within the meaning of the Act.
Although New Jersey legislative history on the issue is sparse, the Governor's veto message of the original bill and the sponsor's statement to the Bill are somewhat helpful.
The Governor's veto message of the original bill makes it crystal clear that the law was intended to cover only those businesses which operate out of a fixed geographic location:
[f]ranchises ... which do not have a place of business in New Jersey for the display and sale of the franchisor's goods or services are excluded from the bill.
And the sponsor's statement to the bill suggests the type of businesses it was intended to encompass:
... Not only is it (the franchise relationship) familiar in relatively new enterprises such as fast food, lodging, specialized retailing, special auto repair and supply services and other undertakings, but franchising also is a fact of life in longer established businesses such as appliance and auto dealerships and gasoline stations.
The only New Jersey article this Court could locate on the subject notes:
"This ... [requirement] ... means there must be a sales location in New Jersey. Mere distribution through an office or warehouse would not qualify." *599 Sweeney, Applying Franchise Act to Terminated Distributors, 125 N.J.L.J. 680 (1990).
The plaintiff's interpretation of the statutory definition of "place of business" not only warps, but directly conflicts with the obvious purpose and plain language of the statute. The statute clearly states that "a place of business" means "a fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods, or offers for sale and sells the franchisor's services." The use of the conjunctive "and" makes it clear that the services must be both offered for sale and sold in a particular place of business. It thus excludes geographic locations utilized for solicitation only. This interpretation is given substance by the last sentence of the definition that a "place of business shall not mean an office, a warehouse, a place of storage, a residence or a vehicle." To adopt plaintiff's interpretation of what is meant by "place of business" would be to make these statutory exclusions meaningless.
The plain language of the statute mandates that a franchise maintain a fixed geographical location at which it "offers for sale and sells" the franchisor's goods or services, in order for it to be covered by the Act. The plaintiff's business obviously does not meet these requirements and it is therefore not protected by the Act's provisions.
Defendant's motion is granted.
NOTES
[1] This Court has also looked at franchise legislation in other states, including New York, California, Illinois, Wisconsin, Connecticut and Delaware. None of these states have a "place of business" requirement similar to New Jersey's statutory provision.